UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Docket No.:
D.M., by his father and natural guardian, DEVON MILLS,

                                          Plaintiff,    **COMPLAINT**

          -against-

THE CITY OF NEW YORK, POLICE OFFICER   **PLAINTIFF DEMANDS**
MATTHEW MCCURRY, AND POLICE OFFICER   **A TRIAL BY JURY**
JOSEPH VIGIANO,

                                    Defendants.
-----------------------------------------------------------------------X

PLAINTIFF, D.M., by his father and natural guardian, DEVON MILLS, by his attorney, JESSICA MASSIMI, hereby complains of the DEFENDANTS, upon information and belief, as follows:

**PARTIES, VENUE AND JURISDICTION**

1. At all times mentioned herein, Plaintiff, D.M., was a 13-year-old child and resident of Kings County, in the State of New York. D.M. is currently 14-years-old.

2. At all times mentioned herein, Plaintiff, DEVON MILLS, was the father and natural guardian of D.M.

3. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and their employees.

4. At all times hereinafter mentioned, Defendant POLICE OFFICER MATTHEW MCCURRY (Shield 20597) was an adult man employed by the City of New York as a member of the NYPD assigned to the 75th Precinct. Defendant MCCURRY is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, Defendant POLICE OFFICER JOSEPH VIGIANO (Shield 19363) was an adult man employed by the City of New York as a member of the NYPD assigned to the Emergency Services Unit of the NYPD. Defendant VIGIANO is sued herein in his official and individual capacities.

6. Defendants MCCURRY and VIGIANO are collectively referred to herein as the "Individual Defendants."

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Eastern District of New York, where the Plaintiff and Defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

9. On January 16, 2021, at about 10:00 p.m., Plaintiff D.M. was lawfully walking at or near the intersection of New Lots Avenue and Warwick Street in Kings County, City and State of New York.

10. At this time, Defendants McCurry and Vigiano pulled alongside Plaintiff D.M. in an unmarked police car, and stopped their vehicle.

11. Defendant McCurry exited the car, approached Plaintiff D.M., and tried to grab him without any explanation or instructions, scaring Plaintiff D.M.

12. At that time, Plaintiff D.M. was 13-years-old.

13. Defendants McCurry and Vigiano were in plainclothes and did not identify themselves as police officers.

14. In response to Defendant McCurry attempting to grab him, Plaintiff ran across New Lots Avenue, stopped, and put his hands up.

15. Defendant McCurry chased Plaintiff across the street, while Defendant Vigiano drove the car across the street to where Plaintiff D.M. was standing.

16. Without any instructions or explanation, Defendant McCurry then picked up Plaintiff from behind, slammed him onto the hood of the Defendants' unmarked car, and pressed on his back while D.M. was chest-down on the hood of the vehicle, causing D.M., who has asthma, to have difficulty breathing.

17. Defendant McCurry then searched Plaintiff without any legal basis.

18. Plaintiff, D.M. was not involved in any suspicious or illegal activity, and there was no basis or justification for Defendants to stop and search D.M., nor to use any physical force against him, much less the level of force they applied.

19. At no time did Defendants possess information that would lead a reasonable officer to believe probable cause existed to stop, search, and arrest Plaintiff D.M.

20. D.M. was upset by the Defendants' actions and called his father, Devon Mills, to come meet him.

21. Devon Mills met his son at the scene of the incident and attempted to speak to the Defendants about why they approached, searched, and assaulted his son.

22. In response, the Defendants drove off without speaking to Devon Mills.

23. Defendants did not issue Plaintiff any ticket, summons, nor did they charge Plaintiff with any criminal or unlawful activity.

24. At no time did either Defendant take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

25. Following this incident, Plaintiff filed a Civilian Complaint Review Board ("CCRB") Complaint against Defendants McCurry and Vigiano.

26. Following their investigation, the CCRB substantiated the following allegations of "force" and "abuse of authority" against Defendant McCurry: Police Officer Matthew McCurry stopped an individual, Police Officer Matthew McCurry used physical force against an individual, Police Officer Matthew McCurry frisked an individual, Police Officer Matthew McCurry searched an individual.

27. Following their investigation, the CCRB substantiated the following "abuse of authority" allegation against Defendant Vigiano: Police Officer Joseph Vigiano stopped an individual.

28. At all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
**(Section 1983 Excessive Force Claim By D.M. Against the Individual Defendants)**

29. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

30. As a result of the Defendants' conduct, Plaintiff was subjected to excessive force.

31. By reason thereof, the Individual Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
### (Section 1983 False Arrest Claims By D.M. Against the Individual Defendants)

32. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

33. The Defendants willfully and intentionally stopped, seized, searched, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

34. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify his assault and detention.

35. Despite the absence of sufficient legal cause, Defendants assaulted and detained Plaintiff D.M.

36. By so doing, the Individual Defendants subjected Plaintiff to unlawful searches of person and property, false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the Individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, Plaintiff demands judgment against the Individual Defendants and the City of New York as follows:

i. actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
September 8, 2022

JESSICA MASSIMI

By: *Jessica Massimi*

99 Wall Street, Suite 1264
New York, NY  10005
646-241-9800
Jessica.Massimi@gmail.com